## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MW BUILDERS, INC.**<br>        **Plaintiff,** | )<br>)<br>) |
| **VS.** | )<br>) **CIVIL ACTION**<br>) **CASE NO.:** |
| **GEMINI INSURANCE COMPANY,**<br>        **Defendant.** | ) **JURY TRIAL DEMANDED**<br>)<br>) |

## COMPLAINT

**NOW COMES**, Plaintiff, MW Builders, Inc. ("MW"), through undersigned counsel, and for its Complaint against Defendant, Gemini Insurance Company ("Gemini"), avers upon information and belief, as follows:

## NATURE OF THE ACTION

1.

This is an action seeking declaratory relief pursuant to 28 U.S.C. § 2201 and K.S.A. 60-1701. An actual controversy of a justiciable nature exists between MW and Gemini concerning the duty to defend and insurance coverage under a Commercial General Liability ("CGL") policy issued by Gemini in favor of MW.

2.

Order(s) of declaratory relief will terminate the existing controversy between the parties.

3.

In 2012, MW entered into a Standard Agreement and General Conditions between Owner and Contractor with Lamey Bridge Senior Development, LLC ("Lamey") (the "Prime Contract"). This Prime Contract called for MW to construct a high-rise apartment building for Lamey in D'Iberville, Mississippi (the "Building" or "Project").

1034898

4.

MW entered into a Subcontract with Fire Protection Group, Inc. ("FPG"), a fire suppression contractor, in Gulfport, Mississippi ("Subcontract").   Under the terms of the Subcontract, FPG had the obligation to furnish certain labor, materials, supplies, and equipment for the Project.

5.

Pursuant to the Subcontract, FPG was also required to procure and maintain CGL insurance for the benefit of MW in connection with the Project:

## EXHIBIT D

### INSURANCE REQUIREMENTS

Subcontractor [FPG] shall procure, maintain and carry, at its sole cost, in accordance with and/or until completion of this Subcontract and all applicable warranty periods, all insurance, with identical limits of liability, an scope of coverages, as required per the amounts as set forth below or higher amounts if required of MW in the Prime Contract.

\*       \*       \*

Such insurance shall include the following terms and conditions:

(a)   Severability of Interest.   All insurance carried shall be endorsed to provide that, inasmuch as this policy is written to cover more than one insured, all terms, conditions, insuring agreements and endorsements, with the exception of limits of liability, shall operate in the same manner as if there were a separate policy covering each insured.

\*       \*       \*

(d)   Commercial General Liability Insurance.   Subcontractor shall obtain and maintain Comprehensive Commercial General Liability Insurance, on an occurrence form for the hazards of (i) construction operation, (ii) Sub-

2

1034898

Subcontractors and independent contractors, (iii) products and completed operations (with completed operations to remain in force for two years following projection completion), (iv) *explosion and collapse*, and (v) contractual liability insuring the indemnities set forth in the Subcontract.   Minimum limits of $1,000,000.00 per occurrence and $2,000,000.00 aggregate will be maintained and ISO endorsement form CG 2417 10 93 pertaining to railroad work will apply when applicable.

*       *       *

(f)   <u>Waiver of Subrogation</u>.   All insurance policies supplied shall include a waiver of any right of subrogation of the insurers thereunder against MW and all its assigns, parent companies, subsidiaries, affiliates, employees, insurers and underwriters.

(g)   <u>Additional Insureds</u>.   Subcontractor furnished insurance (except Workers' Compensation Insurance) shall include MW and all its assigns, subsidiaries and affiliates and any others as may be required by the Prime Contract as additional insureds as their respective interest may appear and shall include products and completed operations coverage for the additional insured(s) under the General Liability and Umbrella Policies.

(h)   <u>Insurance Primary</u>.   All policies of insurance provided pursuant to this article shall be written as primary policies, not contributing with and not in excess of the coverage of the indemnity's (sic) insurance.

*       *       *

*See* Subcontract, Exhibit "D" Insurance Requirements

6.

FPG procured a policy of CGL insurance issued by Defendant, Gemini Insurance Company ("Gemini"), Policy No. VFGP001436 ("Policy") with limits of $1,000,000 for the policy period May 9, 2013 to May 9, 2014.  **Exhibit 1** to this Complaint is a true and accurate copy of the Policy.

3

1034898

7.

On November 13, 2013, there was an incident when water allegedly damaged the Project ("Incident").   Lamey demanded that MW and FPG remediate and repair the alleged water damage it said was caused by the Incident.

8.

FPG denied the request by Lamey to remediate and repair the alleged water damage to the Project.  MW incurred expenses for labor, material and equipment to return the Project to its condition immediately before the Incident at a cost of $378,573.66, exclusive of attorney's fees, interest and other related damages ("Water Damages").

9.

MW filed a lawsuit against FPG entitled "*MW Builders, Inc. v. Fire Protection Group, Inc.*," Case No. 16-2340-JAR, now pending in the United States District Court for the District of Kansas, seeking recovery of the Water Damages from FPG ("Kansas Suit").

10.

Separately, Lamey claims it incurred extra expenses, tenant damages and lost rental income as a result of the Incident in the amount of $123,147.18 ("Economic Loss").

11.

Lamey recently filed a suit against MW and FPG, seeking recovery of its alleged Economic Loss Damages.  The suit is entitled "*Lamey Bridge Senior Development, LLC v. MW Builders, Inc., Fire Protection Group, Inc. and John Does 1-10*," Cause No. A2402-16-151, pending in the Circuit Court of Harrison County, State of Mississippi ("Mississippi Suit").

1034898

12.

MW and FPG have denied liability for the Economic Loss claimed by Lamey in the Mississippi Suit, and MW has moved to stay that suit pending arbitration.

13.

MW has demanded a defense and indemnification from FPG and Gemini because: (a) MW is an additional insured under the Gemini Policy for Lamey's Water Damages and Economic Loss claims pursuant to the CGL cover under the Gemini Policy; and (b) FPG has contractual liability to MW and Gemini has contractual liability coverage for the Water Damages and Economic Loss. Gemini has declined to accept CGL or contractual liability for, or to defend MW. MW, therefore, brings this civil action for a declaratory judgment that Gemini's Policy provides CGL and contractual liability coverage for the Economic Loss and Water Damages, and a duty to defend MW.

## THE PARTIES

14.

At all material times, Plaintiff, MW, was a corporation organized and existing under the laws of the state of Texas, with its principal place of business in Overland Park, Kansas.

15.

At all material times, Defendant, Gemini, was a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Phoenix, Arizona.

## STATEMENT OF JURISDICTION AND VENUE

16.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity among Plaintiff and Defendant, and the amount in controversy exceeds

1034898

$75,000.  This Court has personal jurisdiction over Defendant in accordance with the Kansas Long-Arm Statute and the "Service of Suit" endorsement of the Gemini Policy, as this suit arises out of Gemini contracting to insure MW and transacting business in the state of Kansas.  K.S.A. 60-308.

17.

Venue is proper in this District pursuant to 28 U.S.C. § 1391, as a substantial amount of events giving rise to this controversy occurred here, and Gemini has consented to venue here pursuant to the "Service of Suit" endorsement of the Policy.

**CGL COVERAGE FOR FPG**

18.

The Gemini Policy provides CGL coverage for the Water Damage and Economic Loss claims by Lamey.

19.

The Policy provisions relevant to comprehensive general liability coverage for Lamey's Water Damage and Economic Loss claims include, without limitation:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.   **Insuring Agreement**

   a.   We [Gemini] will pay those sums that the insured [MW and FPG] becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

6

The Incident is an occurrence of property damage for which CGL coverage for MW and FPG is triggered under the Gemini Policy.

20.

MW seeks a declaratory judgment that the Gemini Policy provides comprehensive general liability coverage for the Water Damage and Economic Loss claims.

## MW IS AN ADDITIONAL INSURED UNDER THE CGL PROVISIONS OF THE GEMINI POLICY

21.

The Gemini Policy contains provisions that establish CGL coverage for MW as an additional insured, including, without limitation, the following terms:

    a.  Effective Date – May 9, 2013

    b.  Each Occurrence Limit -- $1,000,000

    c.  Throughout this Policy, the words "you" and "your" refer to the Named Insured as shown in the declarations, **and any other person or organization qualifying as a named insured under this Policy.** The words "we," "us" and "our" refer to the company [Gemini] providing this insurance.

       The word "insured" means any person or organization qualifying as such under Section 2 – Who is An Insured. *See* Policy, p. 1 of 16, Form CG00 01 12 07.

    d.  The Separation of Insureds Clause states:

       **7.  Separation Of Insureds**

       Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

         **a.**  As if each Named Insured were the only Named Insured; and

         **b.**  Separately to each insured against whom claim is made or "suit" is brought.

7

e.   The Policy contains two additional endorsements that state in pertinent part:

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS**

**Schedule**

**Name of Person or Organization:**

**AS REQUIRED BY WRITTEN CONTRACT**

**Location and Description of Completed Operations**

**BLANKET**

**Section II – Who Is An Insured** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" at the location designated and described in the schedule of this endorsement performed for that an insured and included in the "products-completed operations hazard."

\*          \*          \*

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS –SCHEDULED PERSON OR ORGANIZATION**

**Schedule**

Name of Person or Organization:

AS REQUIRED BY WRITTEN CONTRACT

A. Section II – Who is An Insured is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of your ongoing operations performed for that insured.

f.   FPG was required by the Subcontract to procure and maintain additional insured coverage for the benefit of MW.  On or about May 28, 2013, MW received a Certificate of Liability Insurance in which it was named as an additional insured under the Gemini Policy.  **Exhibit 2** to this Complaint is a true and accurate copy of the additional insured certificate, evidencing MW's status as an additional insured for CGL coverage under the Gemini Policy.

1034898

g.  The Policy also contained a Primary and Noncontributory – Other Insurance Condition endorsement that provided as follows:

### PRIMARY AND NONCONTRIBUTORY – OTHER INSURANCE CONDITION

The following is added to the **Other Insurance** Condition [of the Policy] and supersedes any provision to the contrary:

**Primary and Noncontributory Insurance**

This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:

(1)   The additional insured is a Named Insured under such other insurance; and

(2)   *You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.*

The provisions of the Policy were in effect on the date of the Incident and govern the rights of MW as an additional insured under the Gemini Policy.

22.

*MW seeks a declaratory judgment that it has CGL coverage under the Gemini Policy for up to $1,000,000 to pay for the Water Damages and Economic Loss claims by Lamey.*

### GEMINI OWES A DUTY TO DEFEND MW AS AN ADDITIONAL INSURED UNDER THE CGL POLICY

23.

Each insured under the Gemini Policy is owed a defense by Gemini for claims covered by the Policy based upon *the following terms and conditions, among others:*

1034898

## COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.    **Insuring Agreement**

     a.  We [Gemini] will pay those sums that the insured [MW] becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We [Gemini] will have the right and duty to defend the insured [MW] against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

24.

MW seeks a declaration that Gemini owes it a defense for the Economic Loss claims by Lamey, separate and apart from any obligation for attorney's fees owed under the contractual liability provisions of the Subcontract.

### THE GEMINI POLICY PROVIDES INSURANCE COVERAGE FOR THE CONTRACTUAL LIABILITY CLAIMS BY MW AGAINST FPG

25.

The Subcontract contains the following contractual liability obligations that FPG owes MW:

**(A)**    SECTION 7.1. SUBCONTRACTOR [FPG] AGREES TO INDEMNIFY, DEFEND AND HOLD HARMLESS **MW**, ITS SURETY, IF ANY, AND OWNER FROM AND AGAINST (I) **ALL CLAIMS, CAUSES OF ACTION AND EXPENSES ARISING OUT OF** INJURY TO (INCLUDING DEATH OF) ANY PERSONS OR **DAMAGE TO PROPERTY ALLEGED TO HAVE BEEN CAUSED IN WHOLE OR IN PART BY ANY ACT OR OMISSION OF SUBCONTRACTOR**, ITS AGENTS, EMPLOYEES, SUB-SUBCONTRACTORS, SUPPLIERS OR INVITEES, OR GROWING OUT OF OR INCIDENTAL DIRECTLY OR INDIRECTLY, TO THE PERFORMANCE OF THE SUBCONTRACT **REGARDLESS**

1034898

**OF HOW SUCH INJURY, DEATH OR DAMAGE BE CAUSED,** AND (II) ALL CLAIMS, CAUSES OF ACTION AND EXPENSES CAUSED BY ANY ACT OR OMISSION (WHETHER OR NOT NEGLIGENT) OF SUBCONTRACTOR, ITS AGENTS, EMPLOYEES, SUB-SUBCONTRACTORS, SUPPLIERS OR INVITEES, IN THE PROSECUTION OF THE SUBCONTRACT, INCLUDING ALLEGATIONS OF INFRINGEMENT OF PATENTS OR OTHER INTELLECTUAL PROPERTY RIGHTS. SUBCONTRACTOR SHALL DEFEND ALL SUITS BROUGHT AGAINST MW, ITS SURETY AND/OR OWNER ON ACCOUNT OF ANY SUCH CLAIMS OF LIABILITY, SHALL PAY ANY SETTLEMENTS MADE OR JUDGMENTS RENDERED WITH RESPECT THERETO, AND SHALL REIMBURSE AND INDEMNIFY MW FOR ALL EXPENSES, INCLUDING COURT COSTS AND ATTORNEYS' FEES, INCURRED BY MW. (Emphasis added).

**(B)**   <u>Section 7.2</u>.  Subcontractor [FPG] expressly assumes with respect to the work to be performed hereunder all liability imposed on *MW and its surety by the provisions of the Prime Contract and,* upon request by MW, **Subcontractor shall defend all suits brought against MW, its surety and/or Owner on account of any such liability or claims of liability and shall pay any settlements made or judgments rendered with respect thereto, and shall reimburse and indemnify MW for all expenses, including court costs and attorneys' fees, incurred by MW by reason of any such claim of liability.** (Emphasis added).

(C)   <u>Section 22.1</u>. **If either party [MW or FPG] commences an action against the other** to enforce any of the terms of the Contract Documents **or because of the breach by either party of any of the terms of the Contract Documents,** including any claim(s) or cause(s) of action by any third party, **Subcontractor, whether by out-of-court settlement or final judgment, shall pay to MW the actual costs and expenses incurred in connection with the prosecution or defense of such action and any appeals in connection therewith, including actual accountants' fees and actual attorneys' fees.** Any judgment or order entered in any final judgment shall contain a specific provision providing for the recovery of all costs and expenses of suit, including, without limitation, actual attorney's fees and costs and expenses incurred in *connection with:   (i) enforcing, perfecting and executing such* judgment; (ii) post-judgment motions; (iii) contempt proceedings; (iv) garnishment, levy, and debtor and third-party examinations; (v) discovery; and (vi) bankruptcy litigation. (Emphasis added).

1034898

These obligations owed by FPG to MW were in full force and effect at the time the Incident occurred.

26.

The Gemini Policy provides insurance coverage for the contractual liability obligations of FPG to MW under the Subcontract:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.   **Insuring Agreement**

      a.    We [Gemini] will pay those sums that the insured [FPG] becomes legally obligated to pay as damages because of "bodily injury" or property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

*          *          *

B.   **Exclusions**

This insurance does not apply to:

      b.    **Contractual Liability**

*          *          *

This exclusion does not apply to liability for damages:

*          *          *

    (2) Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  Solely for the purposes of liability assumed in an "insured contract," reasonable attorney fees and necessary litigation expenses incurred by or for a party

12

other than an insured are deemed to be damages because of "bodily injury" or "property damage," provided:

(a)     Liability to such party for, or for the cost of that party's defense has also been assumed in the same "insured contract";

(b)     Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

## C.     SECTION V – DEFINITIONS

\*     \*     \*

**9. "Insured contract" means:**

f.     That part of any other contract or agreement pertaining to your [FPG's] business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

\*     \*     \*

These insurance provisions were in effect when the Incident occurred.

27.

Under the *Subcontract*, FPG has contractual liability to indemnify, defend and hold harmless MW for the $378,573.66 in Water Damages incurred by MW and the $123,147.48 in Economic Loss claimed by Lamey. Pursuant to these contractual liability provisions, FPG must reimburse MW's $378,573.66 in expenses for the Water Damages and reimburse to MW the actual costs and expenses incurred in connection with the prosecution of this lawsuit and the

13

1034898

Kansas Suit, and defense of the Mississippi Suit, including, without limitation, all actual attorney's fees, pursuant to both the subcontract agreement and K.S.A. 40-256.

28.

MW seeks a declaratory judgment that Gemini provides insurance coverage for the contractual liability undertaken by FPG in Sections 7.1, 7.2 and 22.1 of the Subcontract, and is obligated thereby to reimburse MW for all Water Damages, pay for all Economic Losses of Lamey and reimburse and/or pay for all attorney's fees and costs incurred in prosecution of this suit and the defense of the Mississippi Suit, and prosecution of the Kansas Suit, pursuant to both the subcontract agreement and K.S.A. 40-256.

## THE FAILURE OF GEMINI TO PROVIDE A DEFENSE AND COVERAGE FOR THE CLAIMS BY MW

29.

The conduct of Gemini may give rise to extracontractual liability for its mishandling of the claims by MW.

30.

MW reserves its rights to amend this declaratory judgment to assert its claims for extracontractual liability against Gemini on additional grounds as the evidence may disclose.

WHEREFORE, MW prays that Gemini be served with the Complaint and, after due proceedings had, that a declaratory judgment pursuant to 28 U.S.C. § 2201 and K.S.A. 60-1701, be issued declaring that:

a)      the Gemini Policy provides comprehensive general liability coverage for the Water Damage and Economic Loss claims;

b)      MW has CGL coverage under the Gemini Policy for up to $1,000,000 to pay for the Water Damages and Economic Loss claims;

1034898

c)    Gemini owes a defense to MW, separate and apart from any obligation for attorney's fees owed under the contractual liability provisions of the Subcontract; and

d)    Gemini provides contractual liability coverage for the contractual liability by FPG to MW in Sections 7.1, 7.2 and 22.1 of the Subcontract.

And for any and all general and equitable relief as this Court may deem proper, including an award of all costs, pre-judgment interest, and attorney's fees due MW.

Dated: May 15 2017.

Respectfully submitted,

HAROLD W. MITTS, JR.    KS #14264
COURTNEY E. HOLT         KS #25668
Counsel for MW Builders, Inc.
c/o MMC Corp
10955 Lowell, Suite 350
Overland Park, KS 66210
913.956.3818  Fax 913.469.8780
hmitts@mmccorps.com
cholt@mmccorps.com
COUNSEL FOR PLAINTIFF

PLEASE SERVE:

Gemini Insurance Company
Through:

1.    A. Rajiv Raval
      Sr. Vice President and Gen. Counsel
      of Gemini Insurance Company
      475 Steamboat Road
      Greenwich, CT 06830
      or his designee;

2.    The Commissioner of Insurance for the
      State of Kansas in accordance with K.S.A. 40-218

15

1034898